JOHN WOOD *et al.*

*v.*

WILLIAM PRICE.

1. BILLS OF EXCHANGE—*of waiver of presentation and notice, by drawer of.* The general rule is, that the holder must present the draft, and demand payment, in a reasonable time after it is drawn, and if payment is refused, due notice thereof, must be given to the drawer, of such refusal.

2. An exception to this rule, is, if the drawer had no funds of the description named in the draft, in the hands of his drawee, at the time the draft was drawn, or at the maturity of the draft, if a time draft, presentation and notice are not necessary, in such case, to make the drawer liable.

3. But where the payee of a draft, drawn by the cashier of a bank, receives the same, with the mutual understanding, that if he could not use it in discharging a certain debt, he was to return it, ánd receive a check therefor, and the payee did so return it, and demand a check, which was refused : *Held*, that this was such a waiver of presentation as would make the drawer liable, without notice of demand and refusal.

4. NEW TRIALS—*of conflicting testimony.* In a cause tried by the court, without a jury, where the court was required to weigh all the testimony, which was strongly conflicting, upon the material points at issue, as much force and effect should be given to the finding of a court, ·as to the verdict of a jury.

APPEAL from the Circuit Court of Adams county ; the ˙Hon. JOSEPH SIBLEY, Judge,˙presiding˙.

The material facts are fully stated in the opinion.

Messrs. WARREN & WHEAT and Mr. A.˙ WHEAT, for the appellants.

Mr. C. V. MARCY and Mr. O. C. SKINNER, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court :

This was an action of assumpsit, brought to the Adams Circuit Court, at the Oct ober term, 1867, by William Price, against John Wood and Joshua S. Wood, partners in the business of banking, under the firm name of John Wood & Co., at Quincy,˙ to recover the amount of three drafts, drawn by the defendants, in favor of the plaintiff, on Hoffman & Gelpcke, of Chicago, bearing date May 7, 1861.

The declaration counted on the drafts, and contained the common money counts.

The defendants pleaded non-assumpsit to the whole declaration, and various special pleas to the special counts of the declaration, to˙which there was a demurrer by the plaintiff, and sustained by the court. There was also a plea of set-off, and the usual replication thereto, and issue thereon.    An issue

was made up on the plea of non-assumpsit, a jury waived, and the cause tried by the court, the plaintiff having *non pros'd* his special counts.

The court found for the plaintiff on the common counts, and assessed the damages at three thousand two hundred and sixty-six dollars and twenty-five cents, for which, having overruled a motion for a new trial, the court entered judgment.

To reverse this judgment, the record is brought here by appeal, and various errors assigned thereon.

There is no question made upon the the pleadings, nor is there any question of law presented by this record, as we view the case.   The sole question is, did the evidence justify the finding of the court?

The drafts were never presented by the holder for payment. Ordinarily, this would be such *laches* as to discharge the draw-ers.   The general rule, in respect to paper of this kind, is con-ceded to be, that the holder must present it, and demand pay-ment in a reasonable time after it is drawn, and if payment is refused, due notice thereof must be given to the drawer, of such refusal.

An exception to this rule is, when the drawer, at the time of drawing, or at the maturity of the bill, if a time bill, had no funds of the description specified in the bill, in the hands of the drawee.

The bills in question were drawn for current funds which this court has said signified cash, or paper money equivalent thereto.   *Swift et al.* v. *Whitney et al.*, 20 Ill., 144; *Galena Ins. Co.* v. *Kupfer*, 28 ib. 335; *Marc* v. *Kupfer*, 34 ib. 292.

It was claimed by the plaintiff on the trial, that he took the bills with the express understanding that he was to use them in discharging an indebtedness against him, if he could, and if he could not so use them, he was to return them to the defendants, and receive their checks for the amount; that he was unable to make the designed use of them, and offered to return them to the defendants.   He also claimed that at the

time the bills were drawn, and after, the defendants had no funds in the hands of the drawees, of the character specified in the bills, and he further claimed, that after the drawees became insolvent, the defendants, knowing that fact, and knowing, also, that the bills had not been presented, expressly promised to pay the bills.

These were the important facts before the judge for his determination.

The plaintiff swore positively that he purchased the bills upon the express condition, assented to by Hoffman, the cashier of the defendants, with whom the business was transacted, that if he could not use the bills, to pay an eastern indebtedness, they should be returned, and taken up by the defendants, and that as soon as he was advised he could not so use the bills, he notified Hoffman thereof, and offered to return the bills.

Hoffman, sworn as a witness for the defendants, denied that the bills were taken conditionally, and that the testimony, on the other points, was also conflicting.

The judge, sitting as a jury, was required to weigh all the testimony, and, in our opinion could have found either way, without impeachment of his sagacity. As the judge found for the plaintiff, we must presume he found on the first issue made, that a presentation had been waived by the defendants, and his finding thereon, under such a conflict of testimony, should not be disturbed in an appellate court.

If the fact was, that the judge found no demand was necessary, independent of the alleged waiver, that fact should have been made to appear in the record. We cannot presume the judge so found, and on such presumption, reverse the judgment.

As much force and effect should be given to the finding of of a court, as to the verdict of a jury. Such is the doctrine of this court, as uniformly held. *French* v. *Lowry*, 19 Ill. 158; *Ambs* v. *Honore et al.*, 24 ib., 122; *Eastman* v. *Brown*, 32 ib., 57.

The court, then, having found the first point for the plaintiff, the other points become unimportant, for a waiver of presentation being established, it was immaterial whether the defendants had funds in the hands of the drawees or not, and equally immaterial, that they afterward promised to pay the amount of the bills.

There being no error of law discernable in the record, this court will not interfere with the finding of the circuit court on the facts, especially where there was such conflicting testimony. Had the court found for the defendants, on these facts, we could not have reversed the judgment. The circuit judge was in a more favorable position to weigh the evidence than we can be, and his finding not being against the great preponderance of the evidence, it must stand. The judgment is affirmed.

*Judgment affirmed.*