67   213
34a 152

## ANDREW J. THOMAS

*v.*

## THOMAS O. RUTLEDGE *et al.* Trustees, etc.

1. NEW TRIAL—*on finding as to facts.* In a case tried by the court without a jury, in which the court is required to weigh all the testimony, the same force and effect will be given to the finding of the court as to that of a jury. In such a case, where the evidence is conflicting and the finding is not against the preponderance of the evidence, it will not be disturbed.

2. EVIDENCE—*admission of persons in interest not parties to the record.* In general, the admissions of any party represented by another are receivable in evidence against his representative; but in a suit against the trustees of an incorporated church society acting for the congregation, the admissions of certain members of the association are not admissible as evidence against the trustees. The united admissions of the congregation, expressed by a vote or by a resolution had in conformity with the rules of the association, might be evidence against the trustees.

3. SAME—*admissions of agents.* In a suit against the trustees of a church to recover for money paid for the building of a church, it was urged that the admissions of the building committee appointed by the

congregation, made after the work was completed, was competent evidence against the defendants: *Held*, that the committee were special agents for a special purpose, and beyond that purpose could not do or say any thing to bind the trustees.

Appeal from the Circuit Court of McLean county; the Hon. Thomas F. Tipton, Judge, presiding.

This was an action of assumpsit, by Andrew J. Thomas, against Thomas O. Rutledge, Thomas Buckles, and Robert Semple, trustees of the LeRoy congregation of the Cumberland Presbyterian Church.

The plaintiff was pastor of the church, and, through his efforts, a church building was erected in LeRoy, McLean county, at a cost of about $3600. The contractors refused to give up the building until they were paid, and the plaintiff became personally responsible for the balance due them. He claimed that he, under this arrangement, paid $300 more than he ever got back. The evidence as to whether the whole sum was collected and paid him, was conflicting. The cause was tried by the court without a jury, who found for the defendants, and judgment was rendered accordingly, and the plaintiff appealed.

Messrs. Gapen & Ewing, for the appellant.

Messrs. Weldon & Benjamin, for the appellees.

Mr. Justice Breese delivered the opinion of the Court:

After a careful examination of this record, we are not prepared to say, that the court, in trying the cause, found against the weight of the evidence. The testimony was somewhat conflicting. As this court said, in *Wood* v. *Price*, 46 Ill. 435, so must we now repeat, in a case tried by the court without a jury, in which the court was required to weigh all the testimony, as much force and effect should be given to the finding of the court as to the finding of a jury. The circuit judge is in a more favorable position to weigh the evidence than we

can be, and his finding not being against the preponderance of the evidence, it must stand.

The defendants were sued as trustees of this church. Whatever statements the members of the congregation may have made in relation to the matters in difference, could not be used in evidence against the trustees, for the reason they are not parties to the controversy. The doctrine invoked by appellant, as found in 1 Greenleaf on Ev. sec. 180, in which is discussed the question of admissions of persons who are not parties to the record, but yet are interested in the subject matter of the suit, is not applicable here. Though the law in regard to this source of evidence looks chiefly to the real parties in interest, and gives to their admissions the same weight as though they were parties to the record, it is very clear, from the examples given under this head, this is not such a case. The examples are, the admissions of the *cestui que trust* of a bond—those of the persons interested in a policy effected in another's name for their benefit—those of the ship owners in an action by the master for the freight, and the like. In general, the admissions of any party represented by another are receivable in evidence against his representative, but this has no application to the trustees of a church acting for the congregation. The united admissions of the congregation, expressed by a vote or by a resolution had in conformity with the rules of the association, might be evidence against the trustees, but not the admissions of certain members of the association.

It is also urged by appellant, that there was a building committee appointed by the congregation for the erection of the church building, and that they were the agents of the congregation, and their admissions made within the scope of their authority would be admissible against these defendants.

The building committee have no authority from their position to make any admissions which could bind the trustees. They could bind themselves, only, by admissions. The committee were special agents for a special purpose; beyond that

purpose they could not do or say anything to bind the trustees. These officers control the property of the church, and might be affected by admissions of their own agents, but not those of others. The declarations of inhabitants of an incorporated town, it will not be contended could be used as evidence against the board of trustees.

On consideration of the evidence, it does not appear to us that appellant has the least ground of claim of the nature he seeks to establish. The proof is quite satisfactory he had collected money enough to discharge all the indebtedness upon the building.

We think justice has been done, and affirm the judgment.

*Judgment affirmed.*