## HIRAM B. BURRITT

### V.

## WILLIAM TIDMARSH.

INLAND BILL OF EXCHANGE—FAILURE TO PRESENT FOR ACCEPTANCE.— An indorsee of an inland bill of exchange cannot recover thereon against the indorser without having first presented it to the drawee for acceptance or payment, or showing some legal excuse for the omission.

APPEAL from the Circuit Court of Lake county; the Hon. C. W. UPTON, Judge, presiding. Opinion filed December 19, 1879.

Mr. E. M. HAINES, for appellant; that the bill must be presented to the drawee within a reasonable time, and in case of non-payment, notice should be given to the indorser, cited Montelius v. Charles, 76 Ill. 303; Mason v. Dousay, 35 Ill. 424; 1 Parsons on Bills, 373; Wallace v. McConnell, 13 Pet.

Presentment must be proved: 2 Greenleaf's Ev. 155; Story on Bills, § 112; Chitty on Bills, 653.

Plaintiff must also prove due notice to the drawer or indorser of dishonor of the bill: Story on Bills, § 301; Story on Promissory Notes, § 348.

An excuse for non-presentment based upon an impossibility which is not permanent, is only an excuse until the impossi-

bility is removed: 1 Parsons on Notes, 532; Beale v. Parrish, 20 N. Y. 407.

Where the verdict is against the evidence a new trial should be granted: Lowry v. Orr, 1 Gilm, 70; Scott v. Blumb, 2 Gilm. 595; Keaggy v. Hite, 12 Ill. 99; Baker v. Pritchett, 16 Ill. 66; Miller v. Hammers, 51 Ill. 175; Adams Ex. Co. v. Jones, 53 Ill. 463; Reynolds v. Lambert, 69 Ill. 495.

Where the verdict is for a greater amount than the evidence proves, plaintiff should have a new trial: Winchester v. Grosvenor, 44 Ill. 425; Pierce v. Roche, 40 Ill. 292; Schwabacker v. Wells, 49 Ill. 257.

Mr. W. S. SEARLES, for appellee; that no presentment and notice was necessary in this case, cited Wood v. Price, 46 Ill. 435.

The question of laches was one for the jury: Montelius v. Charles, 76 Ill. 303.

The jury having passed upon the question of fact, the verdict should not be disturbed, unless palpable injustice has been done: Bell v. Gordon, 86 Ill. 501; Hayes v. Houston, 86 Ill. 489.

PLEASANTS, J. This was an action of assumpsit by appellee, indorsee, against appellant, indorser, of an order or bill of exchange of which the following is a copy:

"Messrs. Blatherwick, Brother & Co., of Chicago, Ill., No. 99 West Lake St., please pay Hiram B. Burritt or order, two hundred and ninety dollars, six days after date, and charge the same to my account.

Wauconda, Aug. 24, 1872.                    J. R. Wells."

Which was endorsed, " Pay to William Tidmarsh. Hiram B. Burritt."

The declaration, which was filed Nov. 5, 1878, contained a special count on said bill and indorsement and the common counts. A demurrer having been sustained to the former—for the reason, we presume, that it showed no proper steps taken to charge the indorser—it was amended, on leave, so that after stating the drawing of the bill and its indorsement to plaintiff,

Burritt v. Tidmarsh.

it averred that the same was so indorsed in part payment of a judgment for $500 in favor of plaintiff against defendant then due; that on the 26th day of August, 1872, a dispute arose between the parties as to the payment of the balance of said judgment and its release, whereupon plaintiff tendered back the said order to the defendant and never thereafter until shortly before the commencement of this suit had possession thereof, nor ever presented the same to the drawee for acceptance or payment; that soon after the said tender defendant filed his bill in equity against the plaintiff praying a release and discharge of said judgment on the ground that the same had been settled and satisfied on the said 24th day of August, 1872; that plaintiff filed his answer thereto and such proceedings were had that said cause was finally determined in favor of the complainant therein; that plaintiff could not with safety to himself and his rights present said bill for payment during the pendency of said suit; that upon its determination he sought the drawees at No. 99 West Lake St. and all other places in Chicago, but could not find them; that there was not and is not such a firm in said city; that Wells had no funds in the hands of said firm to meet said bill when the same was drawn, nor when it was tendered back to the defendant, nor when it became due; that said Wells was informed of said proceedings in chancery and of the fact that said bill had not been and could not be presented by plaintiff with safety during that litigation. By means whereof said defendant became liable, etc.

To the amended count a demurrer was also interposed, but overruled, although we discover in it no sufficient excuse for the failure to present the bill to the drawees. It does not aver that defendant in fact accepted the tender of it nor show that he was legally bound to accept it, but, the contrary, by an adjudication between the parties which conclusively determined that the settlement upon which the indorsement of it to plaintiff was made was valid and effectual.

Thereupon the defendant, in addition to the general issue already in, filed special pleas traversing divers of the allegations of the amended special count and the Statute of Limitations to the common counts.

Issues being joined, the cause came on for trial by a jury, which resulted in a verdict for the plaintiff for $300, and judgment thereon. Upon the trial the defendant offered no evidence. Some of the testimony on the part of the plaintiff tended to show that the settlement of the judgment, on the 25th day of August, 1872—when the bill was in fact drawn and indorsed, though dated the 24th—was conditioned upon the approval of the terms by plaintiff's attorney, upon whom defendant agreed to call with him the next day at Waukegan, and that when together the next day at Waukegan, the defendant refused so to do.

It appears that on the 26th, the plaintiff directed his wife to return the bill and other papers with ten dollars in money which he had so received, to the defendant—that she took them to him at supper at the hotel, laid them down beside his plate, saying " here are those papers and the money," and immediately left the room. It was not shown that the defendant touched either the papers or the money, and nothing further appears respecting them except that some three or four years before this trial the plaintiff obtained the papers from the person who kept the hotel at the time of the tender, and never thereafter mentioned the subject to the defendant, residing in the same town, before the commencement of this suit.

The positions here taken by counsel for appellee, that the settlement was conditional ; that the draft was not intended as such in a commercial view; that it was indorsed and delivered as collateral security and not to be presented—a mere memorandum of the amount due and of the time given for its payment—are not supported by the evidence.

Appellee himself may have entertained these views, and supposed that by his tender he had discharged himself of all obligations with respect to the bill, notwithstanding he had given when he took it a receipt in absolute satisfaction of his judgment, until he was advised to the contrary by the decree which declared the settlement absolute and enjoined the collection of the judgment.

Nor does the record present a question of laches, upon which a jury might find either way with binding effect. It is sim-

ply the case of an indorsee of an inland bill of exchange suing the indorser more than six years after its maturity, without having presented it to the drawee for acceptance or payment or showing any legal excuse for the omission.   The law is that he cannot recover.   Wood v. Price, 46 Ill. 435; Montelins v. Charles, 76 Ill. 303; Story on Bills, § § 112, 227.

The Circuit Court erred in overruling the motion for a new trial, and it is unnecessary to discuss the other questions that were argued.

The judgment is reversed and the cause remanded.

Reversed and remanded.