## Edgar B. Tolman v. Harry C. Roberts, Trustee.

1. TRIALS—*Issues of Fact Found by the Court.*—The finding of the court upon issues of fact will not be disturbed upon review unless the reviewing court can say that there has been palpable error in weighing the conflicting testimony, and that the finding is not supported by evidence.

2. SAME—*Trials by the Court—Sufficiency of the Evidence.*—In trials by the court without a jury, if the evidence is such as to have sustained a verdict by a jury upon the issue involved, it will be regarded as sufficient to sustain the findings of the trial judge.

3. PROPOSITIONS OF LAW—*Substituting the Belief of the Parties for their Action.*—A proposition of law which substitutes the belief of the parties for their action is properly refused.

Assumpsit, upon a promissory note. Error to the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in this court at the October term, 1897. Affirmed. Opinion filed November 2, 1897.

JOHN MAYO PALMER and JOSEPH B. MANN, attorneys for plaintiff in error, contended that under our statute providing for a defense of the failure or want of consideration, the common law rule against receiving parol evidence to vary the terms of a written contract, has no application, and the door is thrown open to disclose the whole truth about the consideration. Great Western Ins. Co. v. Rees, 29 Ill. 272; Gage v. Lewis, 68 Ill. 604; Mann v. Smyser, 76 Ill. 365; Broadwell v. Sanderson, 29 Ill. App. 384; Peterson v. Johnson, 22 Wis. 21.

MATZ, FISCHER & BOYDEN, attorneys for defendant in error. No rule is more elementary than that when parties have put their engagements in writing, and without any uncertainty as to the extent of the engagements, it is conclusively presumed that the entire engagements of the parties were reduced to writing. Union Nat. B. v. Louisville, N. A. & C. Ry. Co., 145 Ill. 208; Laflin v. Howe, 112 Ill. 253; Heisen v. Heisen, 145 Ill. 658.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

This suit was brought upon a promissory note. The defense was failure of consideration, which was pleaded as partial and total. The cause was submitted to the trial court without a jury, and a finding and judgment resulted for defendant in error, plaintiff in trial court.

The errors assigned and urged are the refusing of the 5th and 9th of the propositions of law proffered by plaintiff in error, and that the finding of the court was against the evidence.

The pleas allege that the note (with other notes) was given in accordance with the terms of a written contract for the purchase of certain mines and, among other things, of extracted ore by the plaintiff in error from defendant in error, and that the ore purchased was in large part never delivered, and hence the consideration failed.    The contract, which was set forth in these pleas and introduced in evidence, was as follows :

" Know all men by these presents :    That the Syndicate Mining and Smelting Company, in consideration of the sum of $100,000, to wit, paid by Edgar B. Tolman, has sold to said Edgar B. Tolman all right, title and interest of the said Syndicate Mining and Smelting Company to the following described property, to wit:    Two (2) silver mines known as the Socobon and Las Juntas mines, in the district of Guadalupe y Calvo, in the State of Chihuahua, Mexico, and all accessories, machinery, tools, implements, including one twenty-ton " Water Jack Smelter," one Pelton wheel and blower, one steam engine and boiler, six furnaces, blacksmith shop building, tools, machinery, carpenter shop, store building, office, store and living rooms, stock of merchandise, power house and contents, burglar proof safe, all mules and pack saddle equipments of said company now remaining on hand, the number of which can not be definitely stated, all the ore already mined from either of said mines, and sacked and stored; all the silver bullion now on hand at said mining camp or elsewhere reduced from any of the ore taken from said mines or either of them, and all chattels, property or rights appertaining to said mines or mining business, or stock of merchandise connected therewith; meaning to sell to said Tolman all the property, real or personal, belonging to said company, transferred to them by said deed of conveyance from one Gad Freeman and Austin B. Reeve, trustee, on the 25th of April, A. D. 1891; the intention of this conveyance being to put said Tolman in said possession of all property and rights now owned by the said Syndicate Mining and Smelting Company, free and clear of all debts at any time incurred by said company.    It is, however,

expressly agreed that said Syndicate Mining and Smelting Company retains a vendor's lien upon all of said property for $53,500, being the balance due from said Tolman upon the consideration first mentioned, and for which the said Tolman made and executed and delivered to said Syndicate Mining and Smelting Company two certain promissory notes in the aggregate sum of $53,500, dated March 16th, 1892, payable to the order of H. C. Roberts, trustee, one for $10,000, and one for $43,500, due and payable on or before one year after date, which said Tolman covenants and agrees to pay at maturity.

(Signed)  The Syndicate Mining and Smelting Company,

By Andrew L. Steele, President.

Edgar B. Tolman.        [Seal.]

Attest:

Eugene C. Bates, Secretary.    [Seal.]

It is claimed by plaintiff in error that this written contract does not express all of the agreements between the parties, and that there was a parol agreement which should be taken together with the contract in writing, to the effect that the amount of extracted ore at the place of delivery and covered by the conveyance, was substantially all that had been seen there by Mr. Tolman, plaintiff in error, when he visited and inspected the mines some two years previous to the purchase, less some small amount used in smelting experiments. There is evidence to show that the amount of ore which was actually at the place of delivery at the time of the sale, and afterward delivered to the purchaser, was considerably less than the amount seen there by Mr. Tolman two years before, and was of comparatively insignificant value. The contract of sale was made in Illinois, and the property and place of delivery were in Mexico.

The court held that evidence was admissible to show what the parol agreement was in connection with this written contract, and substantially all the evidence proffered by plaintiff in error in this behalf was admitted. It is needless to discuss the admissibility of this evidence—whether the contract did in terms include all the undertaking of the par-

ties, so that it might not be affected by parol, or whether the alleged parol agreement was by any one empowered to bind the defendant in error, for in no event could plaintiff in error complain of the ruling in this behalf.

An issue of fact was presented by the testimony of the various witnesses, as to whether there was any contract by parol as to the amount of the ore conveyed, or as to the amount conveyed being substantially the same as that previously seen by Mr. Tolman.

It is the rule that the finding of the court in passing upon such issues of fact will not be disturbed upon review unless the reviewing court can say that there has been palpable error in weighing the conflicting testimony, and that the finding is not supported by evidence. If the evidence is such as to have sustained a verdict by a jury upon such issue it will be regarded with quite as much consideration, and as sufficient to sustain the finding of the trial judge. Story v. Springer, 155 Ill. 30.

And the same presumptions attach to sustain such finding of the court as would to the verdict of a jury. Claybaugh v. Hennessy, 21 Ill. App. 124.

And it will be presumed that the finding was upon those issues upon which the evidence would sustain it. Wood v. Price, 46 Ill. 435.

The testimony of the witnesses Bates, Dewey and Steele was such, if the court credited it, as would warrant the court in finding that no contract was entered into by parol as to the amount of extracted ore conveyed. This, we must presume, the court found, and we can not disturb that finding.

The fifth proposition of law, refused by the court, was as follows :

"If all the parties to the said instrument of April 6, 1892, at the time of its execution believed that substantially all the ore which had been purchased by the Syndicate Mining and Smelting Company from Gad Freeman, and which had been added thereto since such purchase, was then sacked and stored at the mines, in said instrument mentioned, then said instrument is to be construed as purporting to convey substantially all of said ore so purchased and added."

It was properly refused. It substitutes the belief of the parties for their action. That one believes a fact does not of necessity imply that he contracts as to the same. These contracting parties may all have believed, as doubtless did Mr. Tolman, that there was extracted ore of great value at the mines, and yet may have declined to obligate themselves by any contract as to such fact.

. The refusal to hold the ninth proposition was made a matter of no consequence by the holding of the fourth and eighth. Without discussing the possibility of aiding a *patent* ambiguity by extrinsic evidence, it is enough to say that at the request of plaintiff in error the court had already held that there was no ambiguity, patent or latent, in the writing.

- It is unnecessary to pass upon the question of whether the conduct of plaintiff in error, after he had full knowledge of the precise amount of ore received, was such as to constitute a waiver of all matters affecting the consideration of the notes. The finding of the court that there was nothing to waive disposes of such consideration.

The judgment is affirmed.