## WOODWARD v. ADAMS, *et al.*

1. ATTACHMENT: DELIVERY BOND. Property attached by garnishment in the hands of a third person, may be released by the execution of a delivery bond, in the same manner that property taken into the actual custody of the officers is discharged. WOODWARD, J. dissenting.

2. DELIVERY BOND: APPRAISEMENT. The obligors in a delivery bond, executed to discharge property from attachment, cannot object to the validity of the bond on the ground that the property released, was not appraised before the execution of the bond.

3. ALLEGATION. In an action on a delivery bond, it is not necessary for the plaintiff to aver in his petition, or prove on the trial, that the property was appraised, or its value fixed by agreement, before the execution of the bond.

*Appeal from Scott District Court.*

MONDAY, OCTOBER 31.

The plaintiff sued Adams and procured an attachment against his property. Certain persons were summoned to

answer as garnishees, and beyond this there was no service of the attachment. To release the garnishees, or the property in their hands, Adams gave his instrument in writing, with sureties, in the usual form of a delivery bond, which was received by the sheriff and returned with the writ. Plaintiff now sues upon this bond. To his petition there was a demurrer which was sustained, and from this ruling he appeals.

*Davison & True*, for the appellant.

*John F. Dillon*, for the appellee, cited Drake on Attach. section 302; 1 Iredell (Law) 597; *Frisch* v. *Miller*, 5 Barr 310; *Miller* v. *Ashton*, 7 Black. 29; 1 Ham. 27; 3 Ib. 190; *Curtis* v. *Doe*, Breese 102.

WRIGHT, C. J.[1]—Appellees seek to uphold the decision sustaining the demurrer, upon two grounds:

*First*, That under our law, a delivery bond cannot be legally required or taken when the attachment is by the garnishment of a debt only.

*Second*, That at all events it cannot form the basis of an action, where there has been no appraisement of the property and no value agreed upon by the parties.

In our opinion, these objections are not tenable, whether urged by defendant, in the attachment proceedings, or his sureties. As to *requiring* the bond, the case is not different from that of an ordinary, actual seizure of property, but when *given*, we think it may be sustained as being in accordance with the statute.

One mode of attachment pointed out in the statute, is by garnishing those owing the defendant or holding his property. Code, section 1860. This method of reaching the defendant's property, is as well recognized and as clearly given, as is that by which the officer takes property, capable of manual delivery, into his actual custody. Hence it is declared in section 1859, that "stock or interest owned by the defend-

---

1. WOODWARD, J., dissenting.

ant, *and also debts due him, or property of his held by third persons, may be attached."* Whether it is taken into the actual custody of the officer, or attached as a debt due, or property in the possession of another, it is alike the *property* of the defendant, seized by virtue of the process to await the result of the main action. It is his *property attached*, under either method, designed to secure and eventually pay any judgment which the plaintiff may recover.

This being the plain reading of the statute, and the obvious purpose of the seizure, it seems to us that the question is conclusively put at rest by the language of section 1876, which provides that "the defendant may at any time before judgment discharge the *property attached*, or any part thereof, by giving bond with surety, &c." Now, what warrant is there for saying that this applies to property attached in one mode, rather than another? True, it more naturally applies to cases where the property is taken into actual custody; but we see no reason why it may not legitimately apply, also, where the defendant wishes to release and have the use of his property, in the hands of a third person, whether this property shall consist of a sum of money owing by such garnishee, or in money, horses or goods.

It is said that such a bond is inapplicable, and so manifestly inappropriate to the nature of the case, that it could not have been contemplated. Why so, we ask? Why should the fact, that the debtor's property is attached in the hands of third persons, instead of his own, make the difference claimed? We imagine, that if the position of the parties was changed, and the defendant in this attachment was claiming that he had the legal right to discharge his property in the hands of the garnishee by giving bond, and this right was denied him, upon the ground of its inapplicability, he would loudly and justly complain against a construction of the statute which deprived him of the custody and control of his means, notwithstanding he was willing and ready to amply secure his creditors. And yet this is the result of his present argument.

But it is inapplicable, and was not contemplated, it is said, because it is not known, until the garnishee answers, whether any property is attached; and how, it is asked, is the value of the property in his hands, or the debt owing by him, to be ascertained? The bond is to be in a penalty at least double the value of the property sought to be released, and this value is to be determined by two disinterested persons, summoned and sworn by the sheriff for that purpose, unless the parties otherwise agree, (sections 1876–7.) Now if the defendant gives a bond, as in this case, in a penalty sufficient to cover the plaintiff's claim, all trouble in relation to fixing the amount thereof is obviated, and we perhaps need not inquire what would be done, under other circumstances, or when it was proposed to settle beforehand the value of the property attached, or in the hands of the garnishee. But we inquire, why may not property, in the hands of the garnishee, be valued or appraised as well as though in the hands of the defendant? And if it is a debt owing, and the defendant wishes to release it, so that he may receive the money and use it himself, what inconsistency is there in having the amount thereof fixed by the appraisers, and a bond taken to secure the application of the money to the payment of the plaintiff's debt? We see none. After all, it is no more than a difference in the kind of property attached.

It is said, however, that perhaps the garnishee may not be owing anything, and that in such a case, there would be nothing, in the language of the law, for the defendant "to deliver to the sheriff to satisfy the judgment." When the bond is given, the presumption is that the garnishee is liable. If he is not, that is, if there was no property in his hands, or debts due, the defendant is amply protected, for "it shall be a sufficient defence that the property for the delivery of which the bond was given, did not at the time of the levy belong" to the party "against whom the attachment was issued." (1879.) The giving of the bond, in all such cases, makes it *prima facie* true that the property attached belonged

to the defendant, or, in this case, that the garnishee was liable to the defendant as the holder of his property, or otherwise. If, however, this presumption can be rebutted, the liability ceases.

We next inquire whether the appraisement of the property was necessary to the validity of the bond. This appraisement is not required in making the levy of the attachment. *Smith, Twogood & Co.* v. *Coopers & Clarke, ante.* And it is only provided for in order to determine the amount of the bond. And this is not necessary in all cases. If the parties *agree* upon the value of the property, no appraisement is to be made. Suppose they agree, is it necessary that the bond, the return of the sheriff, or any other paper, should show that fact in order to make valid the undertaking? Or, in other words, is the bond void if this agreement is not thus shown?

In our opinion it is not necessary for the plaintiff to aver in his petition that the property was appraised, or that its value was fixed by agreement. And that which need not be averred, need not be proved. The appraisement is only to be made in the event that the parties do not otherwise agree. When the bond is executed, received, and returned by the sheriff, and suit brought thereon by the plaintiff, this is at least *prima facie* evidence that the statute has been complied with.

Judgment reversed.

WOODWARD, J., *Dissenting.*—Having written an opinion leading to a different conclusion, which is overruled by a majority of the court, I am, at least at the present, unable to concur in the foregoing. I regard the delivery bond as inapplicable to the case, but am unable at this time to repeat my views, on account of more imperative calls.