JOHN J. LEEPER

*v.*

GEORGE HERSMAN.

1. ESTOPPEL IN PAIS. One who is by when a sheriff levies upon personal property of a debtor, and gives a delivery bond to the sheriff, reciting the levy upon it as the property of the judgment debtor, without disclosing his title, will be estopped from afterwards claiming title to have been in himself at the time of the levy.

2. BOND—*when it takes effect.* A deed or bond takes effect from the time of delivery, without regard to its date.

WRIT OF ERROR to the Circuit Court of Brown county; the Hon. CHAUNCEY L. HIGBEE, Judge, presiding.

This was an action of replevin, brought by Hersman against Leeper, to recover a horse in the possession of the defendant, alleged to be the property of the plaintiff. A trial in the court below resulted in a judgment for the plaintiff, to reverse which the defendant brings the record to this court.

Mr. W. L. VANDEVENTER, for the plaintiff in error.

Messrs. BAILEY & COLE, for the defendant in error.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The only error assigned, is, that the circuit court erred in sustaining the demurrer to the third plea. The following is the substance of it:

That at the March term, 1868, of the Brown circuit court, Edward Prince recovered judgment against James Valentine for $107.39 and costs of suit; that on the 25th day of March,

1868, an execution was issued on said judgment, directed and delivered to plaintiff in error, who then was, and until the institution of said suit continued to be, sheriff of said county, to execute; that by virtue of said execution, on the 28th of May, 1868, he seized and levied on the horse in controversy, as and for the property of the said Valentine; that at the time of the levy the defendant in error well knew and had due notice that the horse was levied upon as Valentine's property, but made no claim or demand, and gave no notice of his claim to the horse to said sheriff, "but in acquiescence in, and submission to, said seizure of and levy upon said horse, and with a view and intent of inducing said defendant, as such sheriff, to desist and refrain from any other and further search or demand for property to satisfy said execution," on the 30th day of May, 1868, executed and delivered to said sheriff a forthcoming bond, in the words and figures following, to-wit: "Know all men by these presents, that we, George Hersman, are held and firmly bound unto John J. Leeper, sheriff of ———— county, State of Illinois, in the penal sum of $225, for the payment of which, well and truly to be made, we bind ourselves, our heirs, executors or administrators, jointly, severally and firmly by these presents. Witness our hands and seals, this 30th day of June, in the year of our Lord one thousand eight hundred and sixty-eight. The condition of the above obligation is such that, whereas, the said sheriff hath, by virtue of an execution issued from the circuit court of the county of Brown, and State of Illinois, to him directed, in favor of Edward Prince, against the estate of James Valentine, for the sum of $107.39, levied upon the following goods and chattels, to-wit: One bay horse four years old, as the property of the said James Valentine, and for the benefit of the said Edward Prince, and at our request has delivered the said property into our custody and keeping until the day of sale. Now, therefore, if we shall re-deliver the same property, in its present good condition, to the said sheriff or his deputy, or his successor in office, on or before the 8th day of June next, at Mt.

Sterling, Illinois, then the above obligation to be void, otherwise to remain in full force and effect.

GEO. HERSMAN.  [SEAL.]

Approved this 30th day of May, A. D. 1868, by me, John J. Leeper, sheriff of Brown county, Illinois."

And that the bond, although dated June 30, was in fact executed on the 30th of May; that the sheriff was induced thereby to believe that the horse would be re-delivered, and therefore refrained from making any further search for property; that he surrendered the horse to the obligor in the bond, who returned him to the sheriff on the 6th of June, and made no claim of ownership, and gave no notice of such claim. The plea concluded, "Wherefore defendant says that plaintiff is estopped from claiming said horse," &c.

The demurrer admitted all the facts alleged in the plea. Can a party, under such circumstances, and after such conduct, maintain replevin for the property?

It was admitted in the argument that defendant in error was precluded from a denial of the truth of the recitals in the bond, if the recitals influenced the conduct of the obligee, so that he would be injured by a retraction of them.

The acts and admissions of defendant in error are wholly inconsistent with title in him. They can not be reconciled. By his demurrer he admits that he knew the property was seized as Valentine's, and yet he made no claim; that he voluntarily executed a bond in which the same acknowledgment was made, and that he induced the sheriff, by his conduct, to refrain from making any further search for property belonging to the defendant in the execution. If he had title at the time of the levy, why did he not demand the horse, and in the event of a refusal to surrender him, then institute his action of replevin? Instead thereof, and without any legal obligation to do so, he executes his bond for the delivery of his own property. Such conduct was unusual and unreasonable.

His silence as to his claim, when fair dealing required him to be explicit, and his subsequent action in contravention of

his present claim, were a virtual acknowledgment that he had no title to the property at the time of the levy. The action of the officer was necessarily influenced by such conduct, and such must have been the intention. There was also injury to the sheriff; he was delayed in the performance of his official duties, hindered in an immediate search for other property, and has been involved in litigation and consequent costs.

It is true, as claimed, that an estoppel *in pais* can only be set up as a means to prevent injustice, and is not to be extended by construction. In this case it effects justice and prevents wrong. The party was bound to act the truth ; the law presumes that he did so, and he ought not to be allowed to contradict such a reasonable presumption.

We think the plea shows proper matter in estoppel, and the demurrer should have been overruled.

The objection to the date of the bond is not good. It is a well settled principle of law that a deed or bond takes effect from the time of delivery.

The judgment is reversed and the cause remanded.

*Judgment reversed.*