# JOHN R. KINNEAR

*v.*

# GEORGE MACKEY.

1. ESTOPPEL—*to assert lien, by admission.* Where a landlord admits, to an officer holding an execution against his tenant, when asked for information before making a levy, that he has no lien or claim on the tenant's crop, and in consequence thereof, the same is levied on and sold, without the landlord taking any steps to prevent the sale, he will be estopped from asserting his lien as against the purchaser.

2. As a general rule, a party will be concluded from denying his own acts and admissions which were expressly designed to influence the conduct of another, and did so influence it, and when such denial will operate to the injury of the latter.

3. Where a party induces an officer to levy upon his tenant's crop by disclaiming any lien upon the same, a purchaser at the sale may take advantage of the estoppel, although he may not have been informed of the admission, as he claims under the officer, where the landlord takes no steps to counteract the effect of his admission before the sale.

APPEAL from the Circuit Court of Ford county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Mr. JOHN R. KINNEAR, *pro se.*

Mr. M. H. CLOUD, for the appellee.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

The subject of controversy in this suit, is some corn raised on eighty acres of land, rented by one Keosner of George Mackey, the appellee. Appellant, Kinnear, claims the corn as purchaser under an execution against Keosner; and appellee, as landlord of Keosner, under a landlord's lien for rent. The land was leased to Keosner by appellee for five years from March 1, 1875, the lessee giving his promissory notes for each year's rent, with one Fisher as surety. Keosner executed to Fisher, with the knowledge of appellee, an instrument in writing, giving to Fisher a lien on the crops from

year to year, to counter-secure him.   It was only on this con-
dition that he would become surety.   On Nov. 1, 1875, an
execution in favor · of one Battles and against Keosner, was
delivered into the hands of a constable to execute.   On Nov.
16, 1875, the constable levied it upon the corn in controversy,
standing in the field on this land, and on Dec. 3, 1875, made
sale of the corn under the execution to Kinnear, the appellant.

There being $240 due to appellee for rent, Fisher, the
surety, demanded of him that he should distrain the corn for
the rent, or he would resist payment of the note he had given
with Keosner for the rent.   Appellee made a demand upon
Keosner for the rent, and on the 20th of November, 1875, an
arrangement was made between them, whereby Keosner left,
and surrendered up the premises to appellee, and turned out
this corn to him in payment of the rent due, it being just
about sufficient for the purpose, and the notes of Keosner and
Fisher, which they had given for the rent, were surrendered
and canceled.   Appellee refused to let Kinnear take the
corn, and gathered it himself.

The constable testifies that he knew that Keosner was appel-
lee's tenant, and he wanted to find out whether appellee had a
lien on the crops, before he would make a levy; that about the
time he got the execution, he went to see appellee to ascertain
whether or not he had a lien or any claim on the corn, telling
him that he was trying to make a claim out of Keosner in
favor of Battles; that appellee said he had no lien or claim
on the corn, as he had Fisher on the notes to secure him; that
he then went and made the levy on the corn.   Appellee does
not contradict this.   He admits the constable asked him if he
had a claim on the corn, and that he does not remember posi-
tively what he did say about it.   He admits that he saw the
constable's advertisement of the sale of the corn.   The evi-
dence does not show the taking of any step whatever by him
to counteract the effect of the statement made to the constable.

We are of the opinion that appellee should be held estopped
from asserting a landlord's lien in respect to the property in

question, by the admission which he made to the officer that he had no lien or claim upon it.

As a general rule a party will be concluded from denying his own acts or admissions which were expressly designed to influence the conduct of another, and did so influence it, and when such denial will operate to the injury of the latter. *Welland Canal Co.* v. *Hathaway*, 8 Wend. 483. We find all these circumstances to concur here. The constable made known the purpose of his inquiry—to make a claim out of the tenant. Appellee distinctly informed him that he had no lien or claim upon the property, and the officer acted upon the admission, levied upon and sold the property as that of the tenant to a *bona fide* purchaser, who will suffer if appellee be now permitted to set up a landlord's lien. For the prevention of fraud, the law holds the admission to be conclusive. *Dezell* v. *Odell*, 3 Hill, 219.

Appellee was regardless of the rights of others, after inducing the constable to act as he did, in not giving notice, before the execution sale, of his subsequent change of determination with respect to his landlord's lien, so that innocent purchasers might not be misled to buy. The acts and admissions of a party operate against him in the nature of an estoppel, "where, in good conscience and honest dealing, he ought not to be permitted to gainsay them." *Welland Canal Co.* v. *Hathaway, supra.*

It is said, it is not shown that appellant, the purchaser, had notice of what appellee had said to the officer before the sale, and so appellee is not estopped as to the appellant. We regard it as sufficient in this respect, that appellant claims under the officer, so that the admissions to the latter may be taken as made to the former; or that injury to the purchaser under the execution, may be counted as injury to the officer to whom the admissions were made.

It is said, to constitute an estoppel there must be something tantamount to fraud, which there was not in this case. We do not regard it essential that there should be intentional fraud. Thus, it is said by the Supreme Court of Pennsyl-

vania, on this subject, that "the primary ground of the doctrine is, that it would be a fraud in a party to assert what his previous conduct had denied, when, on the faith of that denial, others have acted. The element of fraud is essential, either in the intention of the party estopped, or in the effect of the evidence which he attempts to set up." *Hill* v. *Epley*, 31 Penn. St. 334. Enough of the latter element appears here. See *Brant* v. *The Virginia Coal and Iron Co.* 93 U. S. Rep. 327; and *Casey* v. *Galli*, 94 id. 674, in which latter case, it is said parties are estopped to deny the reality of the state of things which they have made appear to exist, and upon which others have been led to rely. *Leeper* v. *Hersman*, 58 Ill. 218; and see *Horn* v. *Cole*, 51 N. H. 287, for an extended review of authorities upon this subject. It is said again, that the statement to the officer was but a mistake of law upon a subject which the officer knew as much about as appellee, in which case there is no estoppel. But it was not presented to the officer in the aspect of any legal determination. It was not stated to him, as a legal proposition, that there was no lien because it was lost by the fact of taking personal security. But the substantial idea conveyed to the constable, as he would be authorized to take it, was, that appellee, as security for his rent, relied upon the personal security which he had for its payment, and that the constable was free to levy upon it as the tenant's property, and as not subject to any lien of appellee as landlord.

We are of the opinion that appellant should be held as having acquired title to the corn by his purchase under the execution, and that the judgment should have been in his favor. It is, therefore, reversed and the cause remanded.

*Judgment reversed.*