## STEVENSON V. PALMER ET AL.

1. LIEN OF ATTACHMENT NOT DESTROYED BY RELEASE OF PROPERTY UPON A FORTHCOMING BOND.— Under our statute the lien of an attachment is not destroyed by the delivery of the attached property to the defendant upon the execution of a forthcoming bond.

2. SURETIES NOT ENTITLED TO THE POSSESSION OF ATTACHED PROPERTY — REPLEVIN.— When the release of attached property has been procured by giving a forthcoming bond, the sureties upon such bond are not by reason of their suretyship entitled to the possession of the property, and cannot therefore maintain the action of replevin.

*Appeal from Superior Court of Denver.*

UPON the 1st day of August, 1887, Emma C. Whitsett brought suit in a justice's court against Frank F. Noxon, in which suit a writ of attachment was issued by the justice, and levied by appellant, as constable, upon the goods here in controversy. Soon after the levy, appellees herein, Peter L. Palmer, John W. Horner, Frank F. Noxon and Dora Noxon, caused the property to be released by giving a forthcoming bond, as provided by statute, and Noxon again went into possession of the goods, when they were again levied upon by appellant under a writ of attachment issued at the suit of one P. O. Gaynor against said Noxon. In this suit a forthcoming bond was also given, signed by Frank F. Noxon, Peter L. Palmer and E. S. Fisk. In the suit instituted by Gaynor against Noxon, the plaintiff having obtained judgment in his favor, Noxon delivered the goods to the constable, Stevenson, upon the execution issued in that case. Thereupon appellees, who were sureties upon the forthcoming bond in the first suit, demanded the goods, and, upon the constable refusing to give them up, brought this action of replevin for their recovery, while the Whitsett suit was yet pending and undetermined.

The present suit was originally commenced in a justice's court, and from thence taken by appeal to the su-

perior court of the city of Denver. The trial in the latter court resulted in a judgment in favor of appellees for the possession of the property, and directing its return, or, in case such a return could not be had, then appellees to have and recover of and from appellant its value, which was adjudged to be $150, and also for costs.

Mr. W. J. WEEBER, for appellant.

Mr. P. L. PALMER, for appellees.

MR. JUSTICE HAYT delivered the opinion of the court.

The statute under which the redelivery bonds were both given reads as follows: "The defendant may, at any time before final judgment in the action, release all property which may have been seized by virtue of the attachment writ, by his executing an undertaking as hereinafter provided. Such undertaking shall be given by the defendant to the plaintiff, be signed by two responsible sureties, each a resident of the county in which the suit is pending, and shall be to the effect that in case the plaintiff recover judgment against the defendant in the action, and the attachment is not dissolved, the defendant will deliver to the constable all property which has been seized by him by virtue of the attachment writ, or, on failure so to do, will pay to the plaintiff the full value of the pr,perty attached, not exceeding the amount of the judgment and costs recovered in the action." Gen. St. 1883, § 2015.

In case of levy of the writ of attachment, unless a redelivery bond be given, the officer must retain the custody of the property awaiting the result of the attachment proceedings. This is essential in order that the property may be under the control of the court to answer any demand which may be established against the defendant by the final judgment in the case. If the bond be given, the responsibility of the obligors

is substituted for that of the officer for the property at-
tached; the principal object of the bond being to insure
the safe-keeping and faithful return of the property at-
tached to the constable, although, in the alternative, the
obligors may discharge themselves from their obliga-
tion by paying the full value of the property, not exceed-
ing the amount of the judgment and costs in the action.
Were it not for this alternative provision, there could be
no question as to the continuance of the lien, although
the bond be given. The sole condition would then be
that the property shall be returned to the constable if
plaintiff recover judgment and the attachment be not
dissolved. To hold that the property would be liable to
execution under such circumstances would be to allow
third parties to produce a forfeiture of the conditions of
the bond; for a levy would make the performance of the
conditions of the bond impossible. And the courts and
law writers unite in saying that the property is not so
liable. Drake, Attachm. § 331; Wade, Attachm. § 193;
Wap. Attachm. 396, 397; *Tyler v. Safford*, 24 Kan. 580;
*Roberts v. Dunn*, 71 Ill. 46; *Hagan v. Lucas*, 10 Pet. 401.

"The sheriff, by intrusting the property to the defend-
ant under such bond, does not lose his legal possession of
it. The defendant holds under the sheriff, so that the
*res* is still in the constructive possession of the court.
The ancillary proceeding in the suit does not abate by
virtue of the forthcoming bond, which would inevitably
be the case were the court to lose its custody and juris-
diction of the property, and the defendant to regain un-
qualified possession of it." Wap. Attachm. 397.

But where, as with us, the statute provides that the
bond is to be given to the plaintiff, and conditioned that
the property shall be returned to the officer, or its value
paid to the plaintiff, it must be admitted that the author-
ities are so conflicting as to create some doubt as to the
law on the subject. Upon this question Mr. Waples
gives it as his opinion that property thus released may

be sold by the defendant, subjected to new attachments·
by other creditors, or levied upon in execution, in like
manner as though the attachment had been dissolved.
Id. 401, 402.   The author cites several Iowa cases, which
undoubtedly support the text.   See *Jones v. Peasley,* 3
G. Greene, 52; *Austin v. Burgett,* 10 Iowa, 302; *Wood-
ward v. Adams,* 9 Iowa, 474.

Drake, in his work on Attachment, contents himself
with quoting in a foot-note the doctrine of the leading
Iowa case without comment.   Drake, Attachm. 266.   In
the treatise of Mr. Wade, in the section previously re-
ferred to, the author, in speaking of forthcoming bonds,
says: "In some of the states the bonds are conditioned
in the alternative, for the delivery of the chattels, or for
the payment of their value or the amount of the judg-
ment.   But the alternative condition does not discharge
the property from the lien."   In support of this opinion
the author cites two cases: *Gray v. Perkins,* 12 Smedes
& M. 622; *Gass v. Williams,* 46 Ind. 253.

The section under consideration by the court in the
Mississippi case provided, in substance, that attachments
shall hereafter be repleviable, at any time before final
judgment, on the appearance of such defendant, and his
execution of a bond, with sufficient security, payable to
the plaintiff, in a sum double the value of the property
attached, and conditioned to have said property forth-
coming to abide the order or decree of the court to which
said writ of attachment shall be returnable; or, in default
thereof, to pay and satisfy, to an extent not exceeding
the value of said property, such order or decree of said
court.   And the court held that by the very terms of
the condition, "to have said property forthcoming to
abide the order or decree of the court," an intention to pre-
serve the lien was manifest.

So, also, in the case of *Gass v. Williams, supra,* under
a statute authorizing the property to be released upon
the giving of a delivery bond conditioned for its return,

or, in the alternative, for the payment of its value, not exceeding the amount of the judgment and costs, the court held that the giving of a bond did not discharge the lien of the attachment, but that the custody of the defendant was thereby substituted for that of the officer, and that the property was as far from the reach of processes as it would have been in the officer's hands.

Without the alternative provision of the statute, the measure of the liability of the defendant and sureties upon the bond in case the property is not redelivered, as required by the terms of the bond, is the value of the property attached, provided the value does not exceed the amount of the judgment and costs. Wap. Attachm. 396, 397; Drake, Attachm. § 342.

And such is the exact liability fixed by the terms of the act. It will be seen, therefore, that the alternative provision of the statute is but a legislative indorsement of a rule of decision previously announced by the courts. Certainly, therefore, every reason for holding that without this provision the lien is not discharged by the giving of a redelivery bond is an argument in favor of the conclusion that under such a provision the lien remains although the bond be given. The primary condition of the bond in either case is that the defendant will, on demand, redeliver the property; the liability of the sureties for the value attaching only upon his failure so to do.

The purpose of having the property redelivered is that it may be subjected to the payment of the judgment; and we think it would be a fraud upon the sureties to allow it to be subjected to execution issued at the suit of other parties, and thus permit third parties to defeat a compliance with that which we have seen is the primary condition of the bond.

In suits in the justice's court there is no provision of law for prorating the proceeds of the attached property, the creditor first securing a lien upon the property by attachment being entitled to sufficient of the pro-

ceeds thereof to discharge his judgment; and we think the better reason, and perhaps the weight of authority, are in support of the doctrine that the attachment lien is not discharged by giving a redelivery bond, as in this case, conditioned for the return of the property, or, in the alternative, the payment of its value.

Having determined that the lien of the attachment issued at the suit of Whitsett remained in force at the time of the levy of the execution issued in the suit, we are next to consider whether such lien entitles these plaintiffs to maintain the action of replevin against the officer for the possession of the chattels covered by the redelivery bond.

The sureties upon the forthcoming bond do not claim to have any interest in the property other than the right to have it preserved so that it may be delivered upon the bond in case such delivery be required. At the time this case was tried in the court below the suit in which the first forthcoming bond was given was still pending and undetermined. The sureties upon such bond had not, therefore, become liable for one dollar upon their obligation. The defendant may finally obtain judgment in his favor in that suit, or the attachment may be dissolved; and in either event the sureties upon the bond would be discharged from all liability. The defendant alone became entitled to the possession of the property upon the giving of the bond. Such right of possession did not extend to his sureties; and they could not, therefore, maintain this action for a return of the property. Wells, Repl. § 154 *et seq.; Gray v. Perkins,* 12 Smedes & M. 622; *Hagan v. Lucas, supra; Lusk v. Ramsay,* 3 Munf. 417.

Neither is Frank F. Noxon, the defendant in the attachment suits, entitled to recover, under the evidence; it appearing that, when the second attachment writ was levied upon this property, Noxon gave a second forthcoming bond, which he signed with Palmer and another

as sureties thereon, conditioned that in case the plaintiff
recover judgment against the defendant in that action,
and the attachment be not dissolved, the defendant will
deliver to the constable the property, or, on failure, pay
its value.    Thereafter the attachment was sustained, and
judgment entered against the defendant Frank F. Noxon.
By the terms of this bond the officer then became en-
titled to the possession of the property, and it was accord-
ingly surrendered to him by Noxon.    Under these circum-
stances neither the defendant nor the sureties upon this
second bond are entitled to the possession of the property
as against the officer, although he holds it subject to the
lien of the first attachment.    *Case v. Steele,* 34 Kan. 90;
*Pierce v. Whiting,* 63 Cal. 538; *Dorr v. Clark,* 7 Mich.
310; *Leeper v. Hersman,* 58 Ill. 218; *Lusk v. Ramsay,*
*supra.*

No question as to the right of the sureties, whose
names appear upon the first bond only, in a proper ac-
tion to compel the officer to respect the lien of the first
attachment, is presented upon this record.    We think it
clear that the action of replevin cannot be maintained
against him, and further than this we do not feel at lib-
erty to decide.

The judgment will be reversed and the cause remanded,
with directions to the court below to dismiss the action.

*Reversed.*