## Amos Brayton v. E. E. Harding.

1. Estoppel—*Where it Applies—Inducements by the Conduct of Another.*—The doctrine of estoppel will apply where the acts of a party against whom it is applied, induce the conduct of an innocent party and produce a fraudulent result. It is not essential that fraud be shown.

Memorandum.—Replevin. Appeal from the County Court of Iroquois County; the Hon. Moses H. Evans, Judge, presiding. Heard in this court at the May term, 1894. Reversed and remanded. Opinion filed December 13, 1894.

### Statement of the Case.

On the 29th of July, 1891, appellee, the owner of a harness shop at Askum, Ill., sold his stock of tools and goods to Frank Higgins. The contract of sale was in writing, and provided for a cash payment of $50, $300 to be paid September 1, 1891, $200 to be paid January 1, 1892, and the balance, when ascertained by invoice, to be paid July 1, 1892. It was further provided that the goods and tools should remain the property of appellee until paid for, and that appellee should have the power to take possession of them on the failure of Higgins to make payment as specified by the contract.

The stock of goods and tools invoiced $1,029.87, the cash payment of $50 was made, notes were executed for the deferred payments and Higgins took charge of the business. Within a few days afterward Higgins wrote to Andrew Cowan & Co., a wholesale firm dealing in leather at Louisville, Ky., on one of appellee's old letter heads, ordering a small amount of material. Cowan & Co. declined to fill the order then, but inclosed it with a letter of inquiry to appellee.

Appellee replied on the 17th of August, 1891, as follows:

" Yours of the 14th at hand. Replying, I would say I sold out to Frank Higgins a short time ago.

Think you will be safe in sending him the order.

Resp'y,

E. E. Harding."

Brayton v. Harding.

On the strength of this information the order was filled and goods sold to Higgins amounting to $79. They were not paid for, and on the 2d of January, 1892, suit was commenced against Higgins resulting in a judgment in favor of Cowan & Co., for $79 and costs, January 16, 1892. Execution was sworn out on the same day and placed in the hands of appellant as constable, who levied upon the stock of goods, then in the possession of appellee. Appellee took possession of the goods on the 6th of January, 1892, after suit was commenced by Cowan & Co. There was then due the $200 note and a small balance on the $300 note. Immediately after the levy of the execution appellee began this replevin suit, claiming under his written contract. Among other pleas filed was one setting up that Harding was estopped as against the execution from claiming the goods under his contract by his failure to disclose to Cowan & Co. the nature of his contract at the time he replied to the letter of August 14, 1891. A trial resulted in a verdict and judgment in favor of the plaintiff (appellee).

APPELLANT'S BRIEF, S. S. CONE AND KAY & KAY, ATTORNEYS.

On the question of estoppel appellant cited the following authorities: Edwards v. McCurdy, 13 Ill. 496; Kinnear v. Watson, 24 Ill. 591; Ketchum v. Watson, 24 Ill. 592; Hill v. Blackwelder, 113 Ill. 283; Kinnear v. Mackey, 85 Ill. 96; Chandler v. White, 84 Ill. 435; Flower v. Elwood, 66 Ill. 438; Heffner v. Vandolah, 57 Ill. 520; Nettler v. Croft, 39 Ill. App. 193; Robbins v. Moore, 129 Ill. 30; Mullaney v. Duffy, 145 Ill. 559.

CHARLES W. RAYMOND, attorney for appellee.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

There is no controversy over the facts in this case, and about the only serious question involved, is whether appellee is estopped from claiming the goods as against the execution by reason of his letter to Cowan & Co., and his failure to

disclose the nature of his contract with Higgins. By the terms of that contract the sale to Higgins was only conditional, dependent upon Higgins making the payments specified. It was specifically agreed that ownership in the property should remain in appellee until paid for, and he was given the right to take immediate possession of the entire stock on failure of Higgins to pay at the times specified. The latter contained no intimation that the sale was other than an absolute and unconditional one. It was the duty of appellee under the circumstances to disclose the nature of his claim upon the property.

It is immaterial whether appellee intended a fraud upon Cowan & Co. at the time he wrote the letter. If the effect of the letter was to mislead Cowan & Co. to their injury, and such was the reasonable and probable consequence of it, it was sufficient to estop him.

The doctrine of estoppel will apply where the acts of a party against whom it is applied induce the conduct of an innocent party and produce a fraudulent result. It is not essential that intentional fraud be shown. Flower v. Elwood, 66 Ill. 438; Kinnear v. Mackey, 85 Ill. 96; Robbins v. Moore, 129 Ill. 30.

The judgment will be reversed for the reason that appellee is estopped from claiming the property as against the execution held by appellant, and the cause remanded.