[No. 4266.]

## CHITTENDEN, ADMINISTRATOR, v. NICHOLS.

**Attachments—Forthcoming Bonds—Liens.**

A forthcoming bond given to release attached property under sections 111 and 112 of the civil code releases the property from the custody of the officer but does not dissolve the attachment lien and a subsequent mortgagee or purchaser from the defendant takes the property subject to such lien, although the purchase was in good faith and without notice of the attachment lien.

*Appeal from the District Court of Arapahoe County.*

Messrs. BICKSLER, McLEAN & BENNETT, for appellant.

Messrs. CRANSTON, PITKIN & MOORE, for appellee.

*Per Curiam.*—The sole question for decision is what effect, in an attachment proceeding under the code, the giving by defendant of a so-called forthcoming bond has with respect to the attached property.

There have been two trials of the action in the

district court. The first judgment, upon appeal to the court of appeals, was reversed and the cause remanded for a new trial. The opinion is reported in 14 Colo. Appeals, at page 49, under title *Nichols v. Chittenden*. Each of the three judges of that court wrote an opinion, the majority holding that where personal property is attached and afterwards released under a so-called forthcoming bond, as provided in sections 111 and 112 of the civil code, a subsequent mortgagee, or purchaser from the defendant without notice of the attachment, takes the property free from the lien thereof. Mr. Justice Wilson said: "There is no doubt but that it was the intent of the legislature that the bond here required should be substituted as a security for the property itself, and upon the redelivery of the property to the defendant, it was taken without the custody of the law, and became free from the lien of the attachment." He was also of opinion that "there is no difference whatever in the rights of an innocent purchaser from an attachment defendant and an innocent mortgagee." Mr. Justice Thomson specially concurred. He conceded that the purport of the code provisions and the justice's enactment were the same, and while he thought the execution of a forthcoming bond does not divest the lien of the attachment, he was of the opinion "that the lien binds the property only as against the attachment defendant, and persons standing in his shoes," but cannot be "asserted against a purchaser who has no notice of its existence." President Judge Bissell dissented. He agreed with Mr. Justice Thomson that the code provisions upon the subject of the bond meant the same as the similar justice's enactment, but disagreed with his associates upon the other proposition and was of opinion that, notwithstanding the giving of the so-called forthcoming bond, the lien of the attachment remained not only as

against the attachment defendant and those standing in his shoes, but also as to subsequent encumbrancers or *bona fide* purchasers or mortgagees. Judge Bissell felt himself bound by a previous decision in that court, *Schneider v. Wallingford*, 4 Colo. App. 150, and two cases decided by this court, *Edwards v. Pomeroy*, 8 Colo. 254, and *Stevenson v. Palmer*, 14 Colo. 565.

The learned and exhaustive examination of the questions presented in this case by judges of the court of appeals relieves us of the necessity of entering into an extended discussion here, and we content ourselves by briefly stating the reasons for adhering to the construction which we think these code sections have received at the hands of this court. In the Edwards case, although the question was not directly involved, the court, speaking by Beck, C. J., construed them to mean that the giving of the bond releases the property attached but does not discharge the attachment. This statement of their meaning was germane to the question then before the court, and was the enunciation of a principle by which it seems to have been guided in its decision of the cause. *Stevenson v. Palmer* arose out of an attachment proceeding in a justice's court, and the bond was given under section 2015 of the General Statutes of 1883. The language of that statute is not literally the same as the code provision under consideration, but quite similar. But the court discusses generally what effect should be given to so-called forthcoming or redelivery bonds and does not limit its decision to a case arising upon a bond given under the justice's act; and after stating that there was an irreconcilable conflict in the authorities concluded that the weight of authority was that in an attachment proceeding the giving of a so-called redelivery bond, though it operates as a withdrawal or release of the property from

the custody of the officer, does not displace, or dissolve, the lien of the attachment.

The court of appeals, in *Schneider v. Wallingford,* without extended discussion, came to the same conclusion, basing it upon the decisions of the supreme court.

If we considered the question *res nova* in this jurisdiction, it might be that we should find ourselves not united as to which line of decisions should be followed. But we are of opinion that the question is *stare decisis.* There is one consideration which weighs strongly with us in adhering to the former conclusion of this court, which is, that the language of the code provisions which it is now said should be otherwise construed is the same as it was when that instrument was first enacted in 1877, and has remained the same throughout its successive revisions. *Edwards v. Pomeroy* was decided at the April term, 1885; *Stevenson v. Palmer* at the April term, 1890; *Schneider v. Wallingford* at the September term, 1893. At the next succeeding session of the general assembly after the decision in the first of these cases was rendered, there was a complete revision of the code, and section 111 was re-enacted in the same language in which it appeared when that decision was made; and we must suppose that the legislature intended that it should still have the same meaning which this court said it had. After the same doctrine was announced in the other two cases there have been several sessions of the general assembly, and no change has been made in these code sections. In the view of these considerations it cannot, therefore, be said that there exists any general dissatisfaction either by the profession or the general assembly with the construction given by the court. We are constrained to say that, in the circumstances stated, it is better to adhere to our previous decisions until such

time as, if at all, the general assembly shall see fit to change its enactments.

The district court at the last trial gave judgment in accordance with the instructions of the majority of the court of appeals. The value of the property having been found to be in excess of $3,000, this court has power to review the judgment. From what has been said it is apparent that it cannot stand. It is therefore reversed with instructions to the district court to set it aside and enter a judgment in accordance with the views expressed in this opinion.

*Reversed.*