## S. T. Haskins, Appellant, v. A. F. Hesley et al., Appellees.

ESTOPPEL—*when arises to prevent assertion of lien.* If a party is induced to purchase personal property upon the representation of another that he has no lien thereon, such other is subsequently estopped from asserting such lien to the detriment of the party who has made such a purchase.

Replevin. Appeal from the County Court of Pike county; the Hon. PAUL F. GROTE, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed December 15, 1909.

JEFFERSON ORR, A. G. CRAWFORD and EDWIN JOHNSTON, for appellant.

WILLIAMS & WILLIAMS, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

On August 21, 1908, S. T. Haskins instituted an action in replevin against A. F. Hesley for the recovery of the possession of a certain horse. The suit was tried before a justice of the peace from whose judg-

ment an appeal was taken to the county court, where a jury was waived and the cause tried by the court. A judgment in favor of Hesley was rendered and a return of the horse awarded, whereupon Haskins prosecuted this appeal.

The evidence discloses the following facts: For several years prior to the commencement of the suit, J. C. Hesley and A. F. Hesley were engaged in business in Pittsfield, under the firm name of Hesley & Bro. They hald a note against one Saylor, and to procure partial satisfaction thereof, on December 30, 1907, purchased from Saylor and took possession of the horse in controversy. Prior thereto, on December 31, 1906, Saylor had executed to Haskins his promissory note and to secure payment of the same had executed and delivered to him a chattel mortgage upon the same horse. On December 30, 1907, the day before the note matured, being the same day Saylor sold the horse to Hesley, Saylor and Haskins endeavored to extend the lien of the chattel mortgage by executing and filing with the justice of the peace before whom the mortgage had been acknowledged, and with the clerk of the Circuit Court, a joint affidavit which recited among other things that the mortgage was thereby extended until December 31, 1908. During August, 1908, Saylor absconded, whereupon Haskins demanded possession of the horse from Hesley, and upon his refusal to surrender it brought the present suit.

The evidence introduced by appellee tended to show that early in December, 1907, A. F. Hesley met Haskins and asked him if he knew "that bay horse of John Saylor's," and that Haskins replied he did; that Hesley then asked him "if there was anything against the horse," and that Haskins "shook his head and said no," and then asked Hesley if they were going to buy the horse, and that Hesley replied, "Yes, if the horse suits us;" that afterward, during February, 1908, Harry Hesley, son of J. C. Hesley and a nephew of

appellee, went in to see Haskins and said to him, "I see you have a mortgage over the horse that we got from Saylor, and I saw Mr. Saylor and he tells me that it has been fixed up," and that Haskins replied, "It has." Haskins upon the trial expressly denied having made such statements.

The trial judge held, as indicated by his rulings upon the propositions of law submitted, that under the evidence Haskins was estopped from asserting any lien upon the horse, and further that inasmuch as the affidavit of extension in question was filed December 30, 1907, and purported to extend the mortgage until December 31, 1908, such extension was for a longer period than one year, contrary to the express provision of the statute, and therefore did not continue and extend the original lien beyond the maturity of the original mortgage. It will be unnecessary to determine the propriety of the latter view, for the reason that we are of opinion that Haskins by reason of his statement to A. F. Hesley above quoted, was estopped afterward to assert any lien he may have had against the horse.

If appellee was induced to purchase the horse by reason of the representation of appellant that he had no lien upon the horse, and the latter should now be permitted in the face thereof to assert a claim inconsistent with such statement, it is manifest that a fraud upon the rights of appellee would be perpetrated. Noble v. Chrisman, 88 Ill. 187; Hefner v. Vandolah, 57 Ill. 520; Kinnear v. Mackey, 85 Ill. 96; Hill v. Blackwelder, 113 Ill. 283; Robbins v. Moore, 129 Ill. 30. Appellant does not in argument contend otherwise, but argues that it is not established by the greater weight of the evidence that such representation was made. Whether or not Haskins made the statement attributed to him was a question for the determination of the trial judge, who heard the evidence, and had the advantage and opportunity of judging of the weight to be given to the testimony of the respective

witnesses, from their actions and demeanor while testifying, and his findings are entitled to the same force and effect as the verdict of a jury. Wood v. Price, 46 Ill. 435; Field v. C. and R. I. R. R. Co., 71 Ill. 458; Podolski v. Stone, 186 Ill. 540. Inasmuch as such findings are not clearly and manifestly against the weight of the evidence we are not at liberty to disturb the same.

The judgment of the county court is affirmed.

*Affirmed.*